# EXHIBIT 6

6/15/2018 2:19 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-18-002510
Hector Gaucin-Tijerina

CAUSE NO. D-1-GN-18-002510

| | | |
|---|---|---|
| NATIVE HOSTEL AUSTIN, LLC, | § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § § | |
| v. | § § | 126TH JUDICIAL DISTRICT |
| AMAZON CORPORATE, LLC; AMAZON FULFILLMENT SERVICES, INC.; AMAZON.COM SERVICES, INC.; and WELLS FARGO BANK, N.A. | § § § § § | TRAVIS COUNTY, TEXAS |
| *Defendants.* | § § | |

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

COME NOW Defendants Amazon Corporate, LLC, Amazon Fulfillment Services, Inc., and Amazon.com Services, Inc. (together, "Amazon"), and Defendant Wells Fargo Bank, N.A. ("Wells Fargo," which, together with Amazon, are "Defendants") and file this their Original Answer to the Original Petition of Plaintiff Native Hostel Austin, LLC ("Plaintiff"), and in support thereof would respectfully show as follows:

### I. GENERAL DENIAL

1. Pursuant to Texas Rules of Civil Procedure 92, Defendants generally deny each and every material allegation contained in Plaintiff's Original Petition (including any subsequent amendments or supplementations thereto by Plaintiff) (collectively, the "Petition") and demand strict proof thereof.

### II. DISCOVERY CONTROL PLAN

2. Defendants intend to conduct discovery under Level 3 of TEX. R. CIV. P. 190.4.

## III.
## ADDITIONAL DEFENSES, AFFIRMATIVE DEFENSES, AND LIMITATIONS ON RECOVERY

3. Pleading further or in the alternative, Plaintiff fails to state a claim against Defendants upon which relief may be granted.

4. Pleading further or in the alternative, Plaintiff's common law fraud claim is preempted, barred and/or limited, in whole or in part, by Uniform Commercial Code Article 4A and/or Chapter 4A of the Texas Business and Commerce Code (Texas' version of Uniform Commercial Code Article 4).

5. Pleading further or in the alternative, Defendants assert that the liquidated damages provisions in paragraphs 5(b) and 5(c) the License Agreement operate as a penalty and are thus unenforceable. *See FPL Energy, LLC v. TXU Portfolio Mgmt. Co.*, 426 S.W.3d 59, 69 and 72 (Tex. 2014) ("[T]he two indispensable findings a court must make to enforce contractual damages provisions [are]: (1) the harm caused by the breach is incapable or difficult of estimation, and (2) the amount of liquidated damages called for is a reasonable forecast of just compensation. . . . [B]oth prongs of this test [are evaluated] from the perspective of the parties at the time of contracting." Moreover, "when there is an unbridgeable discrepancy between liquidated damages provisions as written and the unfortunate reality in application [(i.e., the actual damages incurred)], [courts] cannot enforce such provisions.") (internal quotations omitted).

6. Pleading further or in the alternative, Plaintiff's claims are barred, in whole or in part, due to contractual modification.

7. Pleading further or in the alternative, Plaintiff's claims are barred or limited, in whole or in part, because paragraph 5(b) of the License Agreement is not enforceable and/or should be reformed, voided, or rescinded due to mutual mistake or unilateral mistake.

8. Pleading further or in the alternative, Defendants assert as an additional defense that paragraph 5(b) of the License Agreement is ambiguous.

9. Pleading further or in the alternative, any claims by Plaintiff for actual, direct, indirect, consequential (including, but not limited to, lost opportunities and/or lost profits), incidental, special, and/or exemplary/punitive damages, and court costs and attorneys' fees, against Amazon are, respectively, barred or limited, in whole or in part, pursuant to the provisions of paragraph 14 of the License Agreement.

10. Pleading further or in the alternative, Defendants are not liable to Plaintiff, in whole or in part, because Plaintiff failed to mitigate its damages, if any.

11. Pleading further or in the alternative, if Plaintiff was damaged as alleged in the Petition or as otherwise may be shown, such damages were solely and proximately caused by the independent, intervening, or superseding acts or omissions of other parties or persons for which Defendants had no right or duty of supervision or control, and Plaintiff has suffered no damages caused by the conduct of Defendants.

12. Pleading further or in the alternative, Defendants assert the defenses of proportionate responsibility and contribution and assert that the damages alleged in the Petition were legally and proximately caused in whole or in part by the negligence, fault, negligence per se, and/or other culpable conduct of Plaintiff and/or other persons or parties who failed to exercise the same degree of care and caution as would have been exercised by persons using ordinary care in the same or similar circumstances. Defendants therefore are entitled to have the doctrines of proportionate responsibility and contribution established by Chapter 33 of the Texas Civil Practice & Remedies Code applied to reduce any judgment against Defendants by the degree of negligence or fault attributable to any other person or party.

13. Pleading further or in the alternative, in the event any settlement is or has been made by any purported joint tortfeasor, Defendants are entitled to a full credit, offset, and/or reduction of damages to be recovered by the sum of the dollar amounts of all settlements, and Defendants make known to the other parties and to the Court that they will avail themselves of their rights under Section 33.012 of the Texas Civil Practice & Remedies Code.

14. Pleading further or in the alternative, Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, acquiescence, estoppel, and/or ratification.

15. Pleading further or in the alternative, Plaintiff's non-contractual claims are barred, in whole or in part, by the economic loss rule.

16. Pleading further or in the alternative, Plaintiff's fraud claim is barred because Plaintiff did not rely to its detriment on any misrepresentations by any of the Defendants.

17. Pleading further or in the alternative, Plaintiff is not legally entitled to recover attorneys' fees for some or all of its claims against Defendants, including because: (i) Plaintiff's common law fraud claim does not allow for the recovery of attorneys' fees; and (ii) Plaintiff is not entitled to recover attorneys' fees under Chapter 38 of the Texas Civil Practice & Remedies Code against Defendants Amazon Corporate, LLC or Wells Fargo Bank, N.A. because neither defendant is an individual or a corporation.

18. Pleading further or in the alternative, to the extent Plaintiff seeks recovery of exemplary or punitive damages, such damages are barred or limited by Defendants' rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, Section 13, 14, and 19 of the Texas Constitution. Further, no act or omission by any of the Defendants meets the relevant requirements to justify the award of punitive or exemplary damages. Further, any claims or awards for punitive or exemplary damages should be tried,

limited, and capped in accordance with all provisions of Chapter 41 of the Texas Civil Practices and Remedies Code.

19. Defendants rely upon their rights in the event the evidence shows any spoliation of evidence by Plaintiff.

20. Pleading further or in the alternative, Defendants hereby give notice that they intend to rely upon such other additional and/or affirmative defenses that may be revealed by further investigation and/or discovery and reserve the right to plead any such additional defenses.

21. By the foregoing additional defenses, affirmative defenses, or limitations on recovery, Defendants do not assume the burden of proving or disproving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff or any other party, nor do Defendants admit any of Plaintiff's allegations.

## IV.
## ATTORNEYS' FEES

22. Pursuant to paragraph 17(f) of the License Agreement, Amazon seeks recovery of its court costs and reasonable attorneys' fees against Plaintiff. Defendants also seek recovery of court costs as otherwise allowed by law.

## V.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendants Amazon Corporate, LLC, Amazon Fulfillment Services, Inc., Amazon.com Services, Inc., and Wells Fargo Bank, N.A. respectfully pray that judgment be entered in their favor against Plaintiff Native Hostel Austin, LLC, as follows:

   i. that Plaintiff take nothing by this lawsuit, and that upon final hearing of this case, all relief sought by Plaintiff be denied;

   ii. that Plaintiff's Petition be dismissed with prejudice;

**DEFENDANTS' ORIGINAL ANSWER**          PAGE 5 of 7
501573545 v2 2040741.00591

iii.     that Defendants be awarded their costs and attorneys' fees; and

iv.     for all other and further relief, at law or in equity, to which Defendants may show themselves to be justly entitled.

                                Respectfully submitted,

                                By: _____
                                    Michael T. Murphy
                                    Texas State Bar No. 24051098

K&L GATES LLP
1000 Main St., Suite 2550
Houston, Texas 77002
(713) 815-7353 Telephone
(713) 815-7301 Facsimile
Michael.T.Murphy@klgates.com

- AND -

                                    Jonathan R. Dotson
                                    Texas State Bar No. 24036495

K&L GATES LLP
2801 Via Fortuna, Suite 350
Austin, Texas 75746
(512) 482-6889 Telephone
(512) 482-6859 Facsimile
jon.dotson@klgates.com

**ATTORNEYS FOR DEFENDANTS AMAZON CORPORATE, LLC, AMAZON FULFILLMENT SERVICES, INC., AMAZON.COM SERVICES, INC., AND WELLS FARGO BANK, N.A.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served upon all counsel of record in the manner indicated below on June 15, 2018.

| | |
|---|---|
| Andrew F. York<br>AMRBRUST & BROWN, PLLC<br>100 Congress Avenue, Suite 1300<br>Austin, Texas 78701<br>(512) 435-2300 (telephone)<br>(512) 435-2360 (facsimile)<br>ayork@abaustin.com<br><br>*Counsel for Plaintiff*<br>*Native Hostel Austin, LLC* | ☒ **via Electronic Service (electronic filing manager)**<br>  via Certified Mail, RRR<br>  via U.S. Mail (First Class)<br>  via Federal Express<br>  via Facsimile<br>☒ **via E-mail**<br>  via Hand Delivery |

*/s/ Jonathan R. Dotson*
Jonathan R. Dotson